**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AZAEL DYTHIAN PERALES, | **Hon. Renée Marie Bumb** |
| Petitioner, | Civil Action No. 12-0446 (RMB) |
| v. | |
| AM. BANKERS ASSOC. PAC, et al., | **O P I N I O N** |
| Respondents. | |

**APPEARANCES**:

    AZAEL DYTHIAN PERALES
    P.O. Box 501
    Fullerton, California 92836
    Petitioner Pro Se

**BUMB**, District Judge:

Azael Dythian Perales filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 against the American Bankers Association and hundreds of respondents. Perales also filed an application to proceed in forma pauperis. For the reasons expressed below, this Court will summarily dismiss the Petition and deny a certificate of appealability.

**I.  BACKGROUND**

On January 25, 2012, the Clerk received from Azael Dythian Perales, who describes himself as homeless, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Aside from the caption, which is 30 pages long, the Petition essentially consists of two

pages of unrelated legal citations, with the following allegations:

> The Defendants denied my access to U.S. Federal Courts. The Defendants failed to provide rights to a crime under the crime Victim' RIGHTS ACT OF 2004 . . . .  I am requesting subsistence of evidence in a case currently in the U.S. First Circuit of Appeals (Case No. 10-8040) and that was before the U.S. Court for Veterans Claims & The U.S. Court of Appeals For the Sixth Circuit . . . .  I respectfully motion the court to proceed in accordance with "Civ. R. 3292" Suspension of limitations to permit the United States of America to obtain foreign evidence} pursuant to "18 U.S.C. §3222.  Disclosure in certain matters occurring before a grand jury . . .

[Dkt. 1 at 32.][1]

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

---

[1] According to PACER, Azael Dythian Perales has filed 65 other actions or appeals in various federal courts since 2009. He filed almost identical habeas petitions last year, which Judge James V Selna dismissed for lack of jurisdiction and as frivolous.  See Perales v. Virgin Mobile USA, Civ. No. 11-1656 (JVS) opinion & order (C.D. Cal. Nov. 8, 2011); Perales v. US Marshal Service, Civ. No. 11-1699 opinion & order (C.D. Cal. Nov. 9, 2011).

McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III.  DISCUSSION

A. Jurisdiction

The general habeas statute, 28 U.S.C. § 2241, provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of

3

that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. See Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The "in custody" requirement is satisfied where the state has imposed "significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally." Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 508 (1982) (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963)); see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty"). While collateral consequences, such as the ability to vote, engage in certain businesses, hold public office, or serve as a juror, may avoid mootness of a petition where the petitioner was released after the petition was filed, collateral consequences are not sufficient to satisfy the custody jurisdictional requirement. See Spencer, 523 U.S. at 7-8; Maleng, 490 U.S. at 491-92. Because nothing in the Petition shows that Petitioner was "in

custody" at the time he filed the Petition, this Court lacks jurisdiction.[2]

B.  Certificate of Appealability

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of jurisdiction and denies a certificate of appealability.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge

Dated: January 31, 2012

---

[2] Even if this Court had jurisdiction, the pleading would be dismissed as incomprehensible, since it names hundreds of unrelated respondents and strings together unrelated citations.